IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CEDRIC JAMISON,**                                         **PLAINTIFF**

**V.**                                                      **NO. 2:06CV116-D-B**

**TUNICA COUNTY SHERIFF DEPARTMENT, et al.,**               **DEFENDANTS**

### OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983.

*A. Factual Background*

Plaintiff, a prisoner proceeding *pro se*, filed this § 1983 action on June 30, 2006, for denial of medical care. Plaintiff alleges that he was denied medical attention after a "fatal fall" in the shower. In his motion for reconsideration, however, Plaintiff states that officers came to his aid, placed him a wheel chair and took him to "Nurse Pugh." He complains that Nurse Pugh found nothing wrong with him and that a Lieutenant Williams used vulgar language towards him. In his grievance filed with the Detention Facility, Plaintiff takes issue with Nurse Pugh's failure to order an x-ray.

*B. Standard of Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See,* 28 U.S.C. § 1915(e)(2)(B)(ii); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support

of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (*quoting*, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See*, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### C. Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Plaintiff has not demonstrated or alleged facts which if true would demonstrate that Defendants were deliberately indifferent or that he has suffered substantial harm for any delay in treatment. To the contrary, according to his own pleadings and submissions to the court, officials at the Detention Facility came to his aid and assured that he was seen by a nurse after his not so "fatal" slip and fall in the shower. Therefore, Plaintiff's claim of denial of medical attention is plainly without merit.

If Plaintiff's complaint concerns delayed medical attention rather than a clear denial of medical attention, he must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). Plaintiff has made no such showing in this case. Accepting his allegations as true, after his fall in the shower, officers instructed him "to lay there and don't move," presumably while help was summoned. Plaintiff contends, "after a while I was put in a wheel chair." Plaintiff later speculates that his wait was "20 to 25 minutes" in duration.

Though by literal definition twenty minutes might be considered a delay, by constitutional ruler waiting twenty minutes for medical attention for a non-life threatening fall with no apparent injuries does not amount to a depravation of rights.[1] *See*, *Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."). Notwithstanding the minimal delay, Plaintiff has failed to allege that he has suffered substantial harm which is also fatal to his claim.

---

[1] Indeed, it is not uncommon for those who are not incarcerated to wait for substantially longer periods of time for medical treatment.

*D. Disagreement with Treatment*

As for his claim that an x-ray should have been performed, a prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Thus, his disagreement with the treatment he received does not state a cognizable claim under § 1983.

*E. Vulgar Language*

Lastly, the vulgar language that Lieutenant Williams allegedly used is similarly not a sufficient basis for relief under § 1983. It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997).

*F. Conclusion*

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted and his complaint may be dismissed pursuant to Federal Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Resultantly, Plaintiff's claims shall be dismissed with prejudice.

A separate order will issue this day in accordance with this opinion.

This the 28th day of September, 2006.

/s/ Glen H. Davidson
Chief Judge